IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


AETNA LIFE INSURANCE COMPANY                                PLAINTIFF


v.                          Case No. 14-6087


CAROLYN RITTER, as Administratrix
of the Estate of Judy D. Ritter, as
Administratrix of the Estate of
David W. Ritter, and individually;
DEBBIE COOLEY; DIEDRA LEE; and
GEORGE DONNIE LEE RITTER                                   DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

Currently before the Court for consideration is Separate Defendant Carolyn Ritter's ("Carolyn") Motion for Summary Judgment and supporting documents (Docs. 20-22). For the reasons set forth below, the Court finds that the Motion should be **GRANTED**.

I.  **Background**

Aetna Life Insurance Company ("Aetna") filed a Complaint for Interpleader (Doc. 1) on July 23, 2014. The Complaint states that David W. Ritter ("David"), deceased, was a participant in a life insurance plan (the "Plan") sponsored by his employer, the benefits of which were funded by a group policy of life insurance issued by Aetna. David signed a beneficiary election form (Doc. 1-3) on January 10, 2007,

Page 1 of 6

listing his wife, Judy Denise Ritter ("Judy") as the primary beneficiary[1] of the Plan's benefits and his mother, Carolyn, as the sole contingent beneficiary.

On April 8, 2014, the Garland County Sheriff's Office conducted a welfare check at the home of David, Judy, and Jonathan Ritter at the request of a family member who had not heard from them since April 5.  The officer discovered the bodies of David, Judy, and Jonathan.  David died due to gunshot wounds to the head, Judy died due to multiple gunshot wounds, and Jonathan died apparently from a self-inflicted gunshot wound.  (Docs. 21-1, 21-2, 21-3).  The estimated date and time of death for all three persons is listed on the coroner's reports as April 5, 2014 at an unknown time.  (Docs. 21-5, 21-6, and 21-7).  David, Judy, and Jonathan Ritter were each pronounced dead on April 8, 2014 at 8:00 p.m.  (Docs. 21-1, 21-2, 21-3).

Aetna received a request for benefits from Carolyn, individually as the contingent beneficiary and as mother to David, as Administratrix of David's Estate, and as Administratrix of Judy's Estate.  Aetna also received notice that Judy's two surviving sisters, Defendants Debbie Cooley and Diedra Lee, as well as David's father, Defendant George Donnie

---

[1] David W. Ritter's son, Jonathan Ritter, was also listed as a primary beneficiary.  However, Judy was designated to receive 100% of the Plan benefits.  (Doc. 1-3).

Lee Ritter, could have claims for at least a portion of the Plan's benefits. If Judy survived David, Judy would be the proper beneficiary and the benefits would pass to her estate. If Judy did not survive David, Carolyn, in her individual capacity, would be the proper beneficiary.

Because Aetna could not readily determine the proper beneficiary, it filed the instant interpleader action. Pursuant to this Court's order (Doc. 17), Aetna deposited the life insurance benefits payable under the Plan with the Clerk of Court. The Court dismissed Aetna from this action on October 6, 2014, and ordered Defendants to litigate their claims to the Plan's benefits. (Doc. 19).

**II. Standard of Review**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (internal quotation omitted). Once the movant demonstrates that the record does not disclose a genuine dispute on a material fact, the opposing party may not rest upon the

mere allegations or denials in the pleadings, but must provide a response, by affidavits or as otherwise provided in Rule 56, that sets forth specific facts showing that there is a genuine issue for trial. *Ghane v. West*, 148 F.3d 979, 981 (8th Cir. 1998). The Court must view the facts in the light most favorable to the non-moving party "only if there is a genuine dispute as to those facts." *Torgerson*, 643 F.3d at 1042 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)).

**III. Discussion**

In her Motion, Carolyn asserts that all other defendants are in default (Doc. 20, p. 2). Separate defendants Cooley, Lee, and George Donnie Lee Ritter each signed a waiver of service form (see Docs. 12-14), which advised that a response was to be filed with the Court by September 23, 2014. Defendants Cooley, Lee, and George Donnie Lee Ritter failed to file an answer or otherwise respond within the proper time period. Accordingly, the Court finds that Cooley, Lee, and George Donnie Lee Ritter are in default and have forfeited any claim of entitlement to the Plan's benefits. *See Viking Ins. Co. of Wisconsin v. Kemp*, 2013 WL 6780571, at *2 (E.D. Ark. Dec. 19, 2013) ("[F]ailure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted.") (internal quotation omitted).

The affidavits and other evidence on the record reflect that David, Judy, and Jonathan Ritter were alive on April 5, 2014.  The estimated date of death for each person is April 5, 2014, and all three were pronounced dead on April 8, 2014.  Under Arkansas law, if two people die within 120 hours of each other, they are considered to have died simultaneously and the effect is that each is considered to have predeceased the other.  *See* Ark. Code Ann. § 28-10-202.  ("[A]n individual who is not established by clear and convincing evidence to have survived the other individual by 120 hours is deemed to have predeceased the other individual.")

Here, even though the exact time and date of Judy's death are unknown, it would not be possible for her to have survived David by 120 hours as both Judy and David were alive on April 5 and found dead on April 8.  Because Judy could not have survived David by 120 hours, the contingent beneficiary is entitled to receive the Plan benefits.  Accordingly, the Court finds that Separate Defendant Carolyn Ritter, individually, is the proper recipient of the Plan benefits, as she is the sole named contingent beneficiary.

**IV. Conclusion**

For the reasons set forth above, Defendant Carolyn Ritter's Motion for Summary Judgment (Doc. 20) is **GRANTED** and it is **ORDERED** that Carolyn Ritter, individually, is the owner, and

entitled to possession, of the benefits of David W. Ritter's life insurance plan.

The bench trial set to begin Monday, April 20, 2015 at 9:00 a.m. is **CANCELLED**.  A separate judgment will be entered in accordance with this order.

IT IS SO ORDERED this 23rd day of December, 2014.

/s/ Robert T. Dawson  
Honorable Robert T. Dawson  
United States District Judge
